RODGER R. COLE (CSB No. 178865)
rcole@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:  650.938.5200

*Attorneys for Defendant Superfish, Inc.*

Daniel J. Stephenson
DYKEMA GOSSETT LLP
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Phone: (213) 457-1800
Fax: (213) 457-1850
dstephenson@dykema.com

*Attorneys for Defendant Lenovo (United States), Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STERLING INTERNATIONAL CONSULTING GROUP,  on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>LENOVO (UNITED STATES) INC., LENOVO GROUP LIMITED, and SUPERFISH INC.,<br><br>                    Defendants. | Case No. 5:15-cv-00807-RMW<br><br>**DEFENDANTS SUPERFISH, INC.' S AND LENOVO (UNITED STATES), INC.'S NOTICE OF MOTION AND MOTION FOR STAY AND [PROPOSED] ORDER**<br><br>Date:        May 8, 2015<br>Time:        9:00 a.m.<br>Courtroom:  6, 4th Floor<br>Judge:       Hon. Ronald M. Whyte |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

| | | |
|---|---|---|
| 1 | This document also relates to: | Case No. 5:15- cv-00819-RSW |
| 2 | DAVID HUNTER, individually, and on behalf of all others similarly situated, | |
| 3 | Plaintiff, | |
| 4 | | |
| 5 | v. | |
| 6 | LENOVO (UNITED STATES), INC., a Delaware corporation, and SUPERFISH, INC., a Delaware corporation, | |
| 7 | | |
| 8 | Defendants. | |

| | | |
|---|---|---|
| 8 | This document also relates to: | Case No. 5:15-cv-00964-RMW |
| 9 | CHRISTOPHER HALL, MATTHEW KELSO, MICHAEL MORICI, JAYNE COSTANZO, RYAN BAUMGARTNER, LAURA BURNS, THOMAS CARNEY, BEATRIZ DAVIS, DENNIS HASTY, WENDY DURAN and GABE DURAN, individually, and on behalf of all others similarly situated, | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | Plaintiff, | |
| 15 | v. | |
| 16 | LENOVO (UNITED STATES), INC., LENOVO GROUP LIMITED and SUPERFISH, INC., | |
| 17 | | |
| 18 | Defendants. | |

| | | |
|---|---|---|
| 19 | This document also relates to: | Case No. 5:15-cv-01044-RMW |
| 20 | RHONDA ESTRELLA, SONIA FEREZAN, JOHN WHITTLE, and ALAN WOYT on behalf of themselves and all others similarly situated, | |
| 21 | | |
| 22 | Plaintiffs, | |
| 23 | v. | |
| 24 | LENOVO (UNITED STATES), INC. and SUPERFISH, INC., | |
| 25 | | |
| 26 | Defendants. | |
| 27 | | |
| 28 | | |

DFS' NOTICE OF MOTION AND MOTION
FOR STAY

No. 5:15-cv-00807-RMW

| | | |
|---|---|---|
| 1 | This document also relates to: | Case No. 5:15-cv-01069-RMW |
| 2 | KEN MARTINI, individually and on behalf of | |
| 3 | all others similarly situated, | |
| 4 | Plaintiff, | |
|   | v. | |
| 5 | | |
| 6 | LENOVO (UNITED STATES), Inc. and SUPERFISH, INC., | |
| 7 | | |
| 8 | Defendants. | |

| | | |
|---|---|---|
| 8 | This document also relates to: | Case No. 5:15-cv-01113-RMW |
| 9 | JGX, INC. d/b/a LEFTY O'DOUL'S | |
| 10 | individually and on behalf of a class of those | |
| 11 | similarly situated, | |
| 12 | Plaintiff, | |
|   | v. | |
| 13 | | |
| 14 | LENOVO GROUP LIMITED, LENOVO (UNITED STATES), INC., and SUPERFISH, INC., | |
| 15 | | |
| 16 | Defendants. | |

| | | |
|---|---|---|
| 17 | This document also relates to: | Case No. 5:15-cv-01122-RMW |
| 18 | STANLEY D. JOHNSON, individually and on | |
| 19 | behalf of all others similarly situated, | |
| 20 | Plaintiff, | |
|   | v. | |
| 21 | | |
| 22 | LENOVO (UNITED STATES), INC., LENOVO GROUP LIMITED, and | |
| 23 | SUPERFISH, INC., | |
| 24 | Defendants. | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

DFS' NOTICE OF MOTION AND MOTION
FOR STAY

No. 5:15-cv-00807-RMW

| | |
|---|---|
| This document also relates to:<br><br>MICHAEL SIMONOFF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO (UNITED STATES), INC., and SUPERFISH, INC.,<br><br>Defendants. | Case No. 5:15-cv-01125- RMW |
| This document also relates to:<br><br>RUSSELL WOOD and THOMAS WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES), INC., LENOVO HOLDING COMPANY, INC., LENOVO GROUP LIMITED, and SUPERFISH, INC.,<br><br>Defendants. | Case No. 5:15-cv-01166-RMW |
| This document also relates to:<br><br>MICHELLE BEHREN and MARY JANE BARBOSA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC. and SUPERFISH INC.,<br><br>Defendants. | Case No. 5:15-cv-01177-RMW |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1 | This document also relates to: | Case No. 5:15-cv-01206-RMW

2

3 | ROBERT RAVENCAMP, on behalf of
Himself and all others similarly situated,

4 | Plaintiff,

v.

5

6 | LENOVO (UNITED STATES), INC. and
SUPERFISH, INC.,

7

8 | Defendants.

9 | This document also relates to: | Case No. 5:15-cv-01270-RMW

10 | SUSAN WEBSTER SCHULTZ, on behalf of
herself and all others similarly situated,

11

12 | Plaintiff,

13 | v.

14 | LENOVO GROUP LIMITED, LENOVO
(UNITED STATES) INC. and SUPERFISH
INC.,

15

16 | Defendants.

17 | This document relates to: | Case No. 5:15-cv-01432-RMW

18 | THOMAS KIM, individually, and on behalf of all
others similarly situated,

19

20 | Plaintiff,

21 | v.

22 | LENOVO (UNITED STATES), INC., a
Delaware corporation, and SUPERFISH, INC., a
Delaware corporation,

23

24 | Defendants.

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

This document relates to:                                                Case No. 5:15-cv-01478[1]

VINCENT WONG and
NAGASUBRAHMANYAM
KUMMARAGUNTA, individually, and on
behalf of all others similarly situated,

                     Plaintiffs,

v.

LENOVO (UNITED STATES), INC., a
Delaware corporation, and SUPERFISH, INC., a
Delaware corporation,

                     Defendants.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

---

[1] On April 3, 2015, Counsel for Plaintiff Sterling International Consulting Group filed an unopposed motion to relate the *Wong, et al v. Lenovo (United States), Inc., et al.* (Case No. 5:15-cv-01478) and *Cullifer, et al. v. Superfish, Inc. et al.* (Case No. 5:15-cv-01496) actions to the other N.D. Cal. Lenovo Adware Actions pending before Judge Whyte. (*Sterling*, Dkt. No. 28).

1   | This document relates to:                Case No.: 5:15-cv-01496

2   | BILL CULLIFER, LIZ EDWARDS,
3   | DOUGLAS IRWIN, JOSEPH GUERRA,
    | AUSTIN ARDMAN, HANK BAUMER,
4   | THOMAS BEHRENDT, ALLAN BOGH,
    | RICHARD BROOKS, JILL CAZAUBON,
5   | JENNIFER COLE, LAUREN DANNHEIM,
    | JENNIFER DAVIS, EDWARD DRESSEL,
6   | CHRISTOPHER DUNN, DONALD
    | GEARHART, KENG GEE, BRIAN
7   | GUTTERMAN, HEATHER HARE, JOSE
    | HIDALGO, NEERAJ KALRA, RYAN
8   | KEMPER, JIM KOPPS, RAJKUMAR
    | KOTHAPA, MICHELE LARGÉ , ARUL
9   | LOUIS, THOMAS LUCAS, TOM MILLER,
    | ERIC MORETTI, TREVOR MURDOCK,
10  | TRAVIS PALMER, ELIZABETH PRATT,
    | ROBERT QAKISH, TINA RICHMAN,
11  | CANDACE ROSE, DANIELLE ROUGIER,
    | RAY SCHMALZER, ZESHAN SHEIKH,
12  | CHRIS SHOUTS, ALICE SPALITTA,
    | ZACHARY STEIN, CONNIE SUPERNAULT,
13  | RUSS TAKLE, NATE TALLEY, NIKOLAS
    | THERIOT, ARIELLA VASQUEZ, KATE
14  | WOODS, KYLE YOUNGS, AND
    | LIANGFANG ZHAO, INDIVIDUALLY AND
15  | ON BEHALF OF ALL
    | OTHERS SIMILARLY SITUATED,
16  |
17  |                              Plaintiffs,
18  | vs.
19  | SUPERFISH, INC., and LENOVO (UNITED
    | STATES), INC.
20  |                              Defendants.
21  |

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................2

II. BACKGROUND .................................................................................3

    A.    The *In re Lenovo Adware Litig.* Cases ........................................3

    B.    The Motion for Transfer Pending Before the JPML .................3

    C.    Proceedings in the N.D. Cal. Lenovo Adware Actions .............4

III. LEGAL STANDARD.........................................................................5

IV. ARGUMENT ......................................................................................6

    A.    The Interests of Judicial Economy in Granting a Short Stay Outweigh the Negligible Prejudice, If Any, Plaintiffs Might Suffer ........................6

        1.    Denial of a Stay Pending the JMPL's Determination Would Lead to an Inefficient Use of Limited Court Resources ................6

        2.    There is a Strong Likelihood of Consolidation and Transfer of the *In re Lenovo Adware Litig.* Cases............................7

    B.    Defendants Will Be Prejudiced Absent A Stay .........................8

    C.    Plaintiffs Face No Prejudice from the Short Stay Proposed by Defendants ........................8

V.  CONCLUSION....................................................................................9

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

DFS' NOTICE OF MOTION AND MOTION
FOR STAY

i

No. 5:15-cv-00807-RMW

1

# TABLE OF AUTHORITIES

2
**Page(s)**

3
**CASES**

4
*Barnes v. Equinox Grp., Inc.*,
5
No. 10-03586-LB, 2010 WL 5479624 (N.D. Cal. Dec. 30, 2010) ............................................7

6
*Bonenfant v. R.J. Reynolds Tobacco Co.*,
No. 07-60301-CIV, 2007 WL 2409980 (S.D. Fla. July 31, 2007) ...........................................2

7
*Couture v. Hoffman–La Roche, Inc.*,
8
No. 12–02657–PJH, 2012 WL 3042994 (N.D. Cal. July 25, 2012) ..........................................5

9
*Dependable Highway Express, Inc. v. Navigators Ins. Co.*,
10
498 F.3d 1059 (9th Cir. 2007) ..................................................................................................5

11
*Fuller v. Amerigas Propane, Inc.*,
Nos. 09-02493-TEH, 09-02616-TEH, 2009 WL 2390358 (N.D. Cal. Aug. 3,
12
2009) ..........................................................................................................................................5

13
*J.W. v. Pfizer, Inc.*,
No. 13-00318-YGR, 2013 WL 1402962 (N.D. Cal. Apr. 5, 2013) ..........................................6
14

*Jones v. Bristol-Myers Squibb Co.*,
15
No. 13-2415-PJH, 2013 WL 3388659 (N.D. Cal. July 8, 2013) ..............................................6

16
*Landis v. N. Am. Co.*,
17
299 U.S. 248 (1936) ..................................................................................................................5

18
*Little v. Pfizer, Inc.*,
No. 14-01177-EMC, 2014 WL 1569425 (N.D. Cal. Apr. 18, 2014) ........................................6
19

*Rifenbery v. Organon USA, Inc.*,
20
No. 13-05463-JST, 2014 WL 296955 (N.D. Cal. Jan. 26, 2014) .........................................5, 6

21
*Rivers v. Walt Disney Co.*,
22
980 F. Supp. 1358 (C.D. Cal. 1997) ......................................................................................6, 7

23
*Tucker v. Organon USA, Inc.*,
No. 13-00728-SBA, 2013 WL 22558884, at *1 (N.D. Cal. May 22, 2013)..........................5, 6
24

**STATUTES**

25
28 U.S.C. § 1407 ..................................................................................................................1, 2, 6, 8

26
**RULES**

27
Federal Rule of Civil Procedure 26(f) ..........................................................................................2, 5, 8

28

ii

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Federal Rules of Civil Procedure 16 ........................................................................................4, 5

OTHER AUTHORITIES

*Manual for Complex Litigation* § 20.131 (4th ed. 2004) ...............................................................2

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## NOTICE OF MOTION AND MOTION FOR STAY

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 8, 2015, or as soon thereafter as available, in the courtroom of the Honorable Ronald M. Whyte, located at 280 South 1st Street, San Jose, CA 95113, Defendants Lenovo (United States), Inc. ("Lenovo") and Superfish, Inc. ("Superfish") (collectively, the "Defendants") will and hereby do move for an order staying all proceedings in this action and the following fourteen actions related to this action pending the transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML"):

- *Hunter v. Lenovo (United States), Inc., et al.*, Case No. 5:15- cv-00819-RMW;

- *Hall, et al. v. Lenovo (United States), Inc., et al.*, Case No. 5:15-cv-00964-RMW;

- *Estrella, et al. v. Lenovo (United States) Inc., et al.*, Case No. 5:15-cv-01044-RMW;

- *Martini v. Lenovo (United States) Inc., et al.*, Case No. 5:15-cv-01069-RMW;

- *JGX, Inc. v. Lenovo Group Ltd., et al.*, Case No. 5:15-cv-01113-RMW;

- *Johnson v. Lenovo (United States) Inc., et al.*, Case No. 5:15-cv-01122-RMW;

- *Simonoff v. Lenovo (United States) Inc., et al.*, Case No. 5:15-cv-01125-RMW;

- *Wood, et al. v. Lenovo (United States) Inc., et al.*, Case No. 5:15-cv-01166-RMW;

- *Behren, et al. v. Lenovo (United States) Inc., et al.*, Case No. 5:15-cv-01177-RMW;

- *Ravencamp v. Lenovo (United States), Inc., et al.*, Case No. 5:15-cv-01206-RMW;

- *Schultz v. Lenovo Group Limited, et al.*, Case No. 5:15-cv-01270-RMW;

- *Kim v. Lenovo (United States), Inc., et al.*, Case No. 5:15-cv-01342-RMW;

- *Wong, et al. v. Lenovo (United States), Inc., et al.*, Case No. 5:15-cv-01478; and

- *Cullifer, et al. v. Superfish, Inc. et al.*, Case No. 5:15-cv-01496.

(collectively, the "N.D. Cal. Lenovo Adware actions"). This Motion is made on the grounds that stays of proceedings in these actions are necessary and appropriate to achieve the judicial economies that underlie 28 U.S.C. § 1407.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Molly R. Melcher, and the pleadings and paper on file in this action, the arguments of counsel, and any other matter that the Court may properly consider.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The N.D. Cal. Lenovo Adware actions are fifteen of twenty-five cases filed in nine different districts since February 19, 2015, naming Superfish and Lenovo as defendants and alleging similar claims relating to the operation of Superfish software installed on Lenovo computers (collectively, the "*In re Lenovo Adware Litig.* cases").  Nearly all of the *In re Lenovo Adware Litig.* cases are currently pending consideration by the JPML on whether they should be transferred for consolidation and pre-trial coordination, pursuant to 28 U.S.C. § 1407.

In light of the Motion for Transfer and Consolidation pending before the JPML, the parties in the N.D. Cal. Lenovo Adware actions have agreed to extend the deadline for Defendants to answer or otherwise respond to the respective complaints until forty-five days after the JPML issues an order deciding the Motion for Transfer and Consolidation or as otherwise ordered by the transferee Court if the Motion for Transfer and Consolidation is granted.  *See Sterling Int'l Consulting Grp. v. Lenovo (United States) Inc. et al.*, No. 5:15-cv-00807-RMW; Dkt. No. 25; *see also* Declaration of Molly R. Melcher in Support of Defendants' Motion for Stay filed herewith ("Melcher Decl.") at ¶¶ 11, 13, 15-19.  However, most Plaintiffs declined to stipulate to stay the parties' obligations triggered by the Case Management Conference, currently scheduled to take place on June 19, 2015, including the parties' obligations under the Federal Rules of Civil Procedure 16 and 26(f) and any ADR-related deadlines.  *See id.* at ¶¶ 15, 18, 19.

The statutory goals of centralization under 28 U.S.C. § 1407 are to aid "the convenience of parties and witnesses" and to "promote the just and efficient conduct" of multiple related actions.  28 U.S.C. § 1407(a).  A transfer order by the JPML is intended "to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts."  *Manual for Complex Litigation* § 20.131 (4th ed. 2004).  Because the goals of the multidistrict litigation statute may be thwarted by continued litigation during the pendency of a request for transfer, "it is common practice for courts to stay an action pending a transfer decision by the JPML."  *Bonenfant v. R.J. Reynolds Tobacco Co.,* No. 07-60301-CIV, 2007 WL 2409980, at *1 (S.D. Fla. July 31, 2007).  Because of

1   the strong probability that the *In re Lenovo Adware Litig.* cases will be consolidated and

2   transferred by the JPML, considerations of efficiency, judicial economy, and the avoidance of

3   inconsistent rulings strongly favor staying this case for a brief period of time until the JPML

4   renders its decision, which will likely happen by mid-June.  For these reasons, there is no basis to

5   deviate from the common practice of staying these actions.

6   **II.      BACKGROUND**

7        **A.      The *In re Lenovo Adware Litig.* Cases**

8        On February 19, 2015, Reuters published an article suggesting that Superfish software on

9   Lenovo computers unlawfully intercepted Lenovo customers' communications, and exposed

10  these customers to significant security vulnerabilities.  Melcher Decl. ¶ 2.  The following day a

11  blog post focusing on these same allegations went viral.  *Id.*  In the wake of these allegations,

12  Plaintiffs began filing a series of lawsuits across the country against Superfish and Lenovo.  *Id.*

13       There are now fifteen *In re Lenovo Adware Litig.* cases pending in the Northern District of

14  California, which proceed contemporaneously with at least ten other cases filed in nine different

15  districts.  *Id.* at ¶ 3.  All twenty-five *In re Lenovo Adware Litig.* cases raise substantially similar

16  claims based on virtually identical alleged facts relating to the operation of Superfish software on

17  Lenovo computers.  *Id.*  These lawsuits all center around the allegation that Superfish software

18  unlawfully intercepted customer communications and undermined the security of online

19  transactions on Lenovo computers.  *Id.*  All actions filed to date seek to represent a class of

20  consumers who purchased Lenovo computers on which Superfish software was pre-installed.

21  Superfish and Lenovo are common defendants in each of the twenty-five *In re Lenovo Adware*

22  *Litig.* cases.  *Id.*

23       **B.      The Motion for Transfer Pending Before the JPML**

24       On February 25, 2015, Plaintiff in one of the *In re Lenovo Adware Litig.* cases pending in

25  the Eastern District of North Carolina—*Pick v. Lenovo (United States), et al.*, Case No. 15-cv-

26  00068-D—filed a Motion for Transfer and Consolidation in the Eastern District of North Carolina

27  in the *In re: Lenovo Adware Litig.*, MDL No. 2624 ("*Pick* MDL Motion for Transfer").  *See*

28  Melcher Decl. ¶ 4.  Since then, there have been five responses filed in support of consolidation.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

*Id.* at ¶ 5.  Three responses, filed by Lenovo, Superfish, and nineteen named Plaintiffs respectively, seek transfer to the Northern District of California.  *Id.*  One Plaintiff's response seeks consolidation in the Southern District of Florida.  *Id.*  And one Plaintiff's response supports consolidation in the Eastern District of North Carolina.  *Id.*  Finally, the *Pick* Plaintiff filed a reply to the *Pick* MDL Motion for Transfer in further support of transfer of the actions to the Eastern District of North Carolina, or alternatively, to the Northern District of California.  *Id.* at ¶ 6.   To date, no parties have opposed consolidation.  *Id.* at ¶ 7.

The JPML will likely hear and take under submission whether the *In re Lenovo Adware Litig.* cases should be consolidated and transferred at the next hearing session scheduled for May 28, 2015.  *Id.* at ¶ 8.  A decision whether to transfer and consolidate the *In re Lenovo Adware Litig.* cases is expected within seven to ten days following the hearing.  *Id.* at ¶ 9.

### C.    Proceedings in the N.D. Cal. Lenovo Adware Actions

Counsel for Defendants and Counsel for Plaintiffs in the N.D. Cal. Lenovo Adware Actions have been in contact regarding the status of the cases and Defendants' response deadlines.  Counsel for Plaintiffs in the *Hunter v. Lenovo (United States), Inc., et al.*, Case No. 5:15- cv-00819-RSW, and *Kim v. Lenovo (United States), Inc., et al.*, Case No. 5:15-cv-01342-RMW actions each agreed to extend Defendants' response deadlines until forty-five days after the JPML issues an order deciding the *Pick* MDL Motion for Transfer, or as otherwise ordered by the transferee Court if the *Pick* MDL Motion for Transfer is granted.  Melcher Decl. at ¶¶ 11, 16, 18. Counsel for Plaintiffs Hunter and Kim further agreed to stipulate that the parties' obligations under Federal Rules of Civil Procedure 16 and 26(f) and any other pending deadlines shall be stayed until further order from the Court or the transferee Court if the *Pick* MDL Motion for Transfer is granted.  *Id.*  Magistrate Judge Cousins granted the order staying the *Hunter* action on March 19, 2015.  *Id.*  Subsequently, the *Hunter* action was related to the *Sterling International Consulting Grp. v. Lenovo (United States), Inc., et al.* action and assigned to this Court.  *Id.* at ¶ 12.

On March 19, 2015, this Court issued the Order Granting Plaintiff's Administrative Motion to Consider Whether Cases Should Be Related relating eleven of the N.D. Cal. Lenovo

4

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Adware actions and reassigning them to this Court.  *Id.* at ¶ 12.  A Case Management Conference

2    has been scheduled for June 19, 2015.  *Id.*

3          Following this Court's order relating the N.D. Cal. Lenovo Adware actions, Counsel for

4    Plaintiffs in all of the N.D. Cal. Lenovo Adware Actions have agreed to stipulate to extend

5    Defendants' response deadlines.  *Id.* at ¶¶ 11, 13, 15-19.  However, most Plaintiffs have been

6    unwilling to stipulate to stay the parties' obligations under Federal Rules of Civil Procedure 16

7    and 26(f) and any other pending deadlines.  *Id.* at ¶¶ 15, 18, 19.

8    ### III.   LEGAL STANDARD

9          A district court's discretion to stay proceedings "is incidental to the power inherent in

10   every court to control disposition of the cases on its docket with economy of time and effort for

11   itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *see also*

12   *Tucker v. Organon USA, Inc.*, No. C 13-00728 SBA, 2013 WL 2255884, at *1 (N.D. Cal. May

13   22, 2013) ("A district court's decision to grant or deny a stay is a matter of discretion.") (citing

14   *Dependable Highway Express, Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1066 (9th Cir. 2007)).

15         In determining whether a stay is warranted pending the JPML's determination of a

16   transfer petition, courts consider: (1) the judicial resources that would be saved by avoiding

17   duplicative litigation if the cases are in fact consolidated; (2) potential prejudice to the non-

18   moving party; and (3) hardship and inequity to the moving party if the action is not stayed.

19   *Rifenbery v. Organon USA, Inc.*, No. 13-CV-05463-JST, 2014 WL 296955, at *1 (N.D. Cal. Jan.

20   26, 2014) (citing *Couture v. Hoffman–La Roche, Inc.,* No. 12–cv–2657–PJH, 2012 WL 3042994

21   (N.D. Cal. July 25, 2012)).

22         Applying these three factors, Courts in the Northern District of California have found

23   stays to be warranted when a motion for transfer and consolidation is pending before the JPML,

24   and the case is in its infancy.  *See, e.g., Fuller v. Amerigas Propane, Inc.*, Nos. 09-2493 TEH, 09-

25   2616 TEH, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) ("The decision to issue a stay is

26   consistent with the rulings of 'a majority of courts [that] have concluded that it is often

27   appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is

28   pending with the MDL Panel because of the judicial resources that are conserved.'") (citation and

internal quotation marks omitted); *Rifenbery*, 2014 WL 296955, at *2 ("The potential prejudice to Plaintiffs that could result from a stay is minimal, as the JPML's decision is likely to be issued shortly.  On the other hand, Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed."); *J.W. v. Pfizer, Inc.*, No. 13-CV-00318-YGR, 2013 WL 1402962, at *4 (N.D. Cal. Apr. 5, 2013); *Little v. Pfizer, Inc.*, No. C-14-1177 EMC, 2014 WL 1569425, at *3 (N.D. Cal. Apr. 18, 2014).

## IV.    ARGUMENT

### A.    The Interests of Judicial Economy in Granting a Short Stay Outweigh the Negligible Prejudice, If Any, Plaintiffs Might Suffer

#### 1.    Denial of a Stay Pending the JMPL's Determination Would Lead to an Inefficient Use of Limited Court Resources

The interests of judicial economy strongly favor a stay here, where twenty-five pending cases raising substantially similar claims against the same defendants are likely to be transferred for consolidation by the JPML.  The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner.  *See* 28 U.S.C. § 1407(a).  Indeed, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved."  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *see, e.g., Tucker*, 2013 WL 2255884, at *2 ("[S]taying the case and permitting the eventual transfer of the action will promote judicial economy because the actions raise common issues that can be handled more efficiently through consolidated for discovery and pretrial proceedings."); *Jones v. Bristol-Myers Squibb Co.*, No. C 13-2415 PJH, 2013 WL 3388659, at *2 (N.D. Cal. July 8, 2013) (granting motion to stay the proceedings as it "would promote judicial economy and uniformity by avoiding the possibility of inconsistent rulings within the Northern District, conserving judicial resources and allowing the MDL to consistently address the issues before it.").

A district court is best served not expending resources "familiarizing itself with the intricacies of a case" that will be coordinated for pretrial management before a transferee judge.  *See Rivers*, 980 F. Supp. at 1360.  Unless stayed, this Court will need to waste judicial resources

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

acquainting itself with the legal and factual, including complex technical, issues in this case prior to consolidation of the actions and the filing of a consolidated amended complaint.  Similarly, this Court's efforts at pretrial case management would need to be either revisited by this Court or duplicated by the transferee court. *See id.* at 1360-61 ("[A]ny efforts  on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation . . .").  Furthermore, engaging in case management activities would be a poor use of this Court's resources when there is a substantial likelihood that the JPML will consolidate the pending cases in the next two to three months.

Accordingly, because a stay will promote judicial economy, Defendants respectfully request that the Court stay these proceedings until the JPML rules on whether to transfer this case.

### 2.    There is a Strong Likelihood of Consolidation and Transfer of the *In re Lenovo Adware Litig.* Cases

There is a strong likelihood the JPML will consolidate and transfer these actions.  It is not necessary, however, for this Court to decide that the JPML *will* transfer this case, only that there is sufficient likelihood of a transfer that a stay may realize gains to judicial economy.  *See Barnes v. Equinox Grp., Inc.*, No. C 10-03586 LB, 2010 WL 5479624, at *1 (N.D. Cal. Dec. 30, 2010) (holding it was unnecessary to "wade into the merits of the pending motion [to transfer].").

Defendants easily satisfy that threshold.  As set forth above, the *In re Lenovo Adware Litig.* cases, including the N.D. Cal. Lenovo Adware cases, are all substantially similar, and in some cases, nearly identical.  Each case arises from the same common nucleus of facts – the alleged unlawful interception of communications from Lenovo computers and related introduction of security vulnerabilities onto those computers.  Because these cases involve virtually the same parties, arise out of common facts, and raise the same legal issues, there will be substantial overlap between them with respect to documents, witnesses, and legal issues.  Consolidation will convenience the parties, witnesses, and the Courts, and will promote the just and efficient conduct of the *In re Lenovo Adware Litig.* cases.

Indeed, counsel for Plaintiff Sterling International Consulting Group filed multiple Administrative Motions to Consider Whether Cases Should Be Related stating that the N.D. Cal.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  Lenovo Adware cases involve substantially the same defendants, transactions, property, events,

2  alleged misconduct and injury to consumers, raise similar questions with respect to liability and

3  class certification, and call for determination of identical or substantially similar questions of law

4  and facts.  *See* Melcher Decl. at ¶¶ 11, 16, 17.  Further, Plaintiffs' Counsel in nearly all of the

5  N.D. Cal. Lenovo Adware cases filed a response to the *Pick* MDL Motion for Transfer in support

6  of consolidation and transfer.  *See id*. at ¶ 5, Exh. B at 5 ("As set forth in Plaintiff Lukas Pick's

7  motion for transfer, the related actions against Defendants, including the 17 actions commenced

8  after the motion for transfer was filed, easily meet the § 1407(a) criteria and should be transferred

9  and coordinated in a single district for pretrial proceedings.").  As Plaintiffs concede, the N.D.

10  Cal. Lenovo Adware cases all relate to substantially the same underlying facts, parties, and legal

11  theories.

12       **B.       Defendants Will Be Prejudiced Absent A Stay**

13       The prejudice to Defendants absent a stay far outweighs the nonexistent prejudice to

14  Plaintiffs if a stay is granted.  If the actions are allowed to proceed in the short window between

15  the time the cases were filed and the time they are transferred for consolidation, Defendants

16  would be forced to engage in meet and confer discussions relating to initial disclosures, ADR

17  process selection, and discovery plans with Plaintiffs' counsel for fifteen actions in this District

18  alone.  Any such discussions, particularly those relating to ADR process selection and a discovery

19  plan, are premature prior to the appointment of lead counsel for Plaintiffs.  Further, Defendants

20  would also need to draft and serve initial disclosures, and draft and file Fed. R. Civ. P. 26(f)

21  reports and the Case Management Statement.  It is illogical and a waste of the parties' resources

22  to engage in such events prior to the consolidation of the *In re Lenovo Adware Litig*. cases and the

23  filing of a consolidated class action complaint and appointment of lead counsel for Plaintiffs.

24       **C.       Plaintiffs Face No Prejudice from the Short Stay Proposed by Defendants**

25       In light of the very early stages of the cases, Plaintiffs will not be prejudiced by a short

26  stay.  Plaintiffs have expended limited resources to date, the actions are in their infancy, and

27  discovery has not yet begun.  Indeed, a stay conserves Plaintiffs' resources and prevents them

28  from needlessly engaging in duplicative case management events as whatever limited proceedings

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   could take place in the next couple months will be wholly subsumed and superseded by the

2   consolidated action following transfer and consolidation.  Further, the length of a stay is likely to

3   be very short.  The JPML will likely hear argument on the pending *Pick* Motion for Transfer on

4   May 28, 2015, and will rule shortly thereafter.  Thus, any prejudice to Plaintiffs from a stay

5   would be minimal.

6   **V.     CONCLUSION**

7            For the foregoing reasons, Defendants respectfully request that this Court grant their

8   motion to stay all proceedings in the N.D. Cal. Lenovo Adware Actions pending transfer and

9   consolidation by the JPML.

10

11   Dated:  April 3, 2015                          By: /s/ Rodger R. Cole
12                                                      Rodger R. Cole (CSB No. 178865)
                                                        rcole@fenwick.com
13                                                      FENWICK & WEST LLP
                                                        801 California Street
14                                                      Mountain View, CA 94041
                                                        Ph: (650) 988-8500
15                                                      Fax: (650) 938-5200

16                                                      *Attorneys for Defendant Superfish, Inc.*

17                                                  By: /s/ Daniel J. Stephenson
18                                                      Daniel J. Stephenson
                                                        DYKEMA GOSSETT LLP
19                                                      333 South Grand Avenue, Suite 2100
                                                        Los Angeles, CA 90071
20                                                      Phone: (213) 457-1800
                                                        Fax: (213) 457-1850
21                                                      dstephenson@dykema.com

22                                                      *Attorneys for Defendant Lenovo (United States), Inc.*

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

## ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)

2      I, Rodger R. Cole, am the ECF User whose identification and password are being used to

3   file this **DEFENDANTS SUPERFISH, INC.' S AND LENOVO (UNITED STATES), INC.'S**

4   **NOTICE OF MOTION AND MOTION FOR STAY AND [PROPOSED] ORDER**.  In

5   compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in

6   this filing.

7   Dated:    April 3, 2015                    /s/ Rodger R. Cole

8                                              Rodger R. Cole

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fenwick & West LLP
Attorneys at Law
Mountain View