JONATHAN K. LEVINE (SBN 220289)
jkl@pritzkerlevine.com
ELIZABETH C. PRITZKER (SBN 146267)
ecp@pritzkerlevine.com
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110

DANIEL C. GIRARD (SBN 114826)
dcg@girardgibbs.com
ADAM E. POLK (SBN 273000)
aep@girardgibbs.com
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

STEVEN N. WILLIAMS (SBN 175489)
swilliams@cpmlegal.com
MATTHEW K. EDLING (SBN 250940)
medling@cpmlegal.com
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Attorneys for Plaintiffs Sterling International Consulting Group, Rhonda Estrella, Sonia Ferezan, John Whittle, Alan Woyt, and JGX, Inc. d/b/a Lefty O'Doul's*

[Additional Counsel Appear on Signature Pages]

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NORTHERN CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STERLING INTERNATIONAL CONSULTING GROUP, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO (UNITED STATES) INC., LENOVO GROUP LIMITED, and SUPERFISH, INC.,<br><br>Defendants.<br><br>CAPTION CONTINUED ON THE NEXT PAGE | Case No. 5:15-cv-00807-RMW<br><br>**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS SUPERFISH, INC.'S AND LENOVO (UNITED STATES), INC.'S MOTION FOR STAY**<br><br>**Date: May 8, 2015**<br>**Time: 9:00 a.m.**<br>**Courtroom: 6, 4th Floor**<br>**Judge: Hon. Ronald M. Whyte** |

| This document relates to: | **Case No. 5:15- cv-00819-RSW** |
|---|---|
| DAVID HUNTER, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | |
| LENOVO (UNITED STATES), INC., a Delaware corporation, and SUPERFISH, INC., a Delaware corporation, | |
| Defendants. | |
| This document relates to: | **Case No. 5:15-cv-00964-RMW** |
| CHRISTOPHER HALL, MATTHEW KELSO, MICHAEL MORICI, JAYNE COSTANZO, RYAN BAUMGARTNER, LAURA BURNS, THOMAS CARNEY, BEATRIZ DAVIS, DENNIS HASTY, WENDY DURAN and GABE DURAN, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | |
| LENOVO (UNITED STATES), INC., LENOVO GROUP LIMITED and SUPERFISH, INC., | |
| Defendants. | |
| This document relates to: | **Case No. 5:15-cv-01044-RMW** |
| RHONDA ESTRELLA, SONIA FEREZAN, JOHN WHITTLE, and ALAN WOYT on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| LENOVO (UNITED STATES), INC. and SUPERFISH, INC., | |
| Defendants. | |
| CAPTION CONTINUED ON THE NEXT PAGE | |

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTION TO STAY;**
**CASE NO. 5:15-CV-00807-RMW**

| | |
|---|---|
| This document relates to: | **Case No. 5:15-cv-01069-RMW** |
| KEN MARTINI, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | |
| LENOVO (UNITED STATES), INC. and SUPERFISH, INC., | |
| Defendants. | |
| This document relates to: | **Case No.  5:15-cv-01113-RMW** |
| JGX, INC. D/B/A LEFTY O'DOUL'S, individually and on behalf of a class of those similarly situated, | |
| Plaintiff, | |
| v. | |
| LENOVO GROUP LIMITED, LENOVO (UNITED STATES), INC., and SUPERFISH, INC. | |
| Defendants. | |
| This document relates to: | **Case No. 5:15-cv-01122-RMW** |
| STANLEY D. JOHNSON, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | |
| LENOVO (UNITED STATES), INC., LENOVO GROUP LIMITED, and SUPERFISH, INC., | |
| Defendants. | |
| CAPTION CONTINUED ON THE NEXT PAGE | |

| | |
|---|---|
| This document relates to:<br><br>MICHAEL SIMONOFF, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LENOVO (UNITED STATES), INC., and SUPERFISH, INC.,<br><br>    Defendants. | **Case No. 5:15-cv-01125-RMW** |
| This document relates to:<br><br>RUSSELL WOOD and THOMAS WILSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES), INC., LENOVO HOLDING COMPANY, INC., LENOVO GROUP LIMITED, and SUPERFISH, INC.,<br><br>    Defendants. | **Case No. 5:15-cv-01166-RMW** |
| This document relates to:<br><br>MICHELLE BEHREN and MARY JANE BARBOSA, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>LENOVO (UNITED STATES) INC. and SUPERFISH INC.,<br><br>    Defendants.<br><br>CAPTION CONTINUED ON NEXT PAGE | **Case No. 5:15-cv-01177-RMW** |

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTION TO STAY;**
**CASE NO. 5:15-CV-00807-RMW**

| | |
|---|---|
| This document relates to:<br><br>ROBERT RAVENCAMP, on behalf of Himself and all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>LENOVO (UNITED STATES), INC. and SUPERFISH, INC.,<br>        Defendants. | **Case No. 5:15-cv-01206-RMW** |
| This document relates to:<br><br>SUSAN WEBSTER SCHULTZ, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>LENOVO GROUP LIMITED, LENOVO (UNITED STATES) INC. and SUPERFISH INC.,<br>        Defendants. | **Case No. 5:15-cv-01270-RMW** |
| This document relates to:<br><br>THOMAS KIM, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>LENOVO (UNITED STATES), INC., a Delaware corporation, and SUPERFISH, INC., a Delaware corporation,<br><br>        Defendants. | **Case No. 5:15-cv-01432-RMW** |
| This document relates to:<br><br>VINCENT WONG and AGASUBRAHMANYAM KUMMARAGUNTA, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>LENOVO (UNITED STATES), INC., a Delaware corporation, and SUPERFISH, INC., a Delaware corporation,<br><br>        Defendants. | **Case No. 5:15-cv-01478-PSG** |

CAPTION CONTINUED ON THE NEXT PAGE

| | |
|---|---|
| This document relates to: | **Case No.: 5:15-cv-01496-PSG** |
| BILL CULLIFER, LIZ EDWARDS, DOUGLAS IRWIN, JOSEPH GUERRA, AUSTIN ARDMAN, HANK BAUMER, THOMAS BEHRENDT, ALLAN BOGH, RICHARD BROOKS, JILL CAZAUBON, JENNIFER COLE, LAUREN DANNHEIM, JENNIFER DAVIS, EDWARD DRESSEL, CHRISTOPHER DUNN, DONALD GEARHART, KENG GEE, BRIAN GUTTERMAN, HEATHER HARE, JOSE HIDALGO, NEERAJ KALRA, RYAN KEMPER, JIM KOPPS, RAJKUMAR KOTHAPA, MICHELE LARGÉ, ARUL LOUIS, THOMAS LUCAS, TOM MILLER, ERIC MORETTI, TREVOR MURDOCK, TRAVIS PALMER, ELIZABETH PRATT, ROBERT QAKISH, TINA RICHMAN, CANDACE ROSE, DANIELLE ROUGIER, RAY SCHMALZER, ZESHAN SHEIKH, CHRIS SHOUTS, ALICE SPALITTA, ZACHARY STEIN, CONNIE SUPERNAULT, RUSS TAKLE, NATE TALLEY, NIKOLAS THERIOT, ARIELLA VASQUEZ, KATE WOODS, KYLE YOUNGS, AND LIANGFANG ZHAO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | |
| Plaintiffs, | |
| v. | |
| SUPERFISH, INC., and LENOVO (UNITED STATES), INC. | |
| Defendants. | |
| This document relates to: | **Case No. 5:15-cv-01665-HRL** |
| DIMITRIY KHAZAK, individually, and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | |
| SUPERFISH, INC., LENOVO (UNITED STATES), INC., and LENOVO GROUP LIMITED, | |
| Defendants. | |

Plaintiffs in the *Sterling, Estrella, JGX, Inc., Hall, Martini, Johnson, Simonoff, Wood, Ravencamp, Schultz, Cullifer* and *Khazak* actions respectfully submit this joint opposition to the motion for stay requested by defendants Lenovo (United States), Inc. and Superfish, Inc. (collectively, the "Defendants").

## I.  INTRODUCTION

The stay requested by Defendants is unnecessary. The parties have already agreed to extend Defendants' response obligations until after the Judicial Panel on Multidistrict Litigation ("JPML") decides the motion to transfer in the *In re Lenovo Adware Litigation*, MDL Case No. 2624. Defendants' only obligation at present is to participate in the June 19, 2015 initial case management conference, scheduled to take place after the JPML hearing on the transfer motion, and to cooperate with plaintiffs to prepare for that conference. Proceeding with these initial case management activities now will make for a more productive initial case management conference on June 19. There is no reason to put these activities off until after the JPML decides the motion to transfer.

No party opposes consolidation by the JPML, and most parties, including Defendants, support transfer to this Court. Defendants will not be prejudiced if they are required to cooperate with plaintiffs' counsel in preparing for the initial case management conference. On the contrary, they will benefit from early identification of any issues that require the Court's attention at the initial conference.

Defendants will not have to engage in sixteen different meet and confers with plaintiffs' counsel. Plaintiffs in 12 of the 16 actions pending in the Northern District of California have authorized counsel for plaintiffs in *Sterling*, *Estrella* and *JGX, Inc*. to speak with Defendants on their behalf. And while plaintiffs in three of the other actions (*Hunter*, *Kim* and *Wong*) have agreed to stay their cases, they will be encouraged to share their views with plaintiffs' counsel in the *Sterling*, *Estrella* and *JGX, Inc*. actions in connection with any initial case management activities. There is accordingly no reason why these related cases cannot begin to move forward in an efficient and orderly manner.

//

//

## II. BACKGROUND

*Sterling* was filed February 23, 2015 and assigned to this Court on February 24, 2015. Dkt Nos. 1, 6. Between February 23 and April 10, 2015, 15 additional similar actions were filed in the Northern District of California against Defendants. Twelve of the 16 pending actions have since been related to *Sterling* and assigned to this Court. Dkt. Nos. 23, 25, 27. Unopposed administrative motions to relate the other three actions to *Sterling* are pending.[1] Dkt. Nos. 28, 30. Defendants have not responded to any of the complaints filed in any of the 16 related actions. An initial case management conference in the related actions has been scheduled for June 19, 2015 and a joint case management statement is due on June 12, 2015. Dkt. No. 23.

In addition to the 16 related actions pending in the Northern District of California, there are ten similar actions against Defendants pending in eight other federal judicial districts. *See* Declaration of Jonathan K. Levine ("Levine Decl."), ¶ 6. On February 25, 2015, a motion to transfer all of the pending actions to a single judicial district for consolidated pretrial proceedings was filed with the JPML. *See In re Lenovo Adware Litigation*, MDL Case No. 2624, Dkt. No. 1.

Plaintiffs in 24 of the 26 actions (representing eight of the nine judicial districts in which actions have been filed) support transfer of the litigation to the Northern District of California. Levine Decl., ¶ 8. Defendants also support transfer of the litigation to the Northern District of California. *Id.* Of the other two actions, plaintiffs in one support transfer to the Eastern District of North Carolina and plaintiffs in the other support transfer to the Southern District of Florida. *Id.* The MDL transfer motion is scheduled to be heard by the JPML on May 28, 2015. *Id.*

Counsel for plaintiffs have coordinated their efforts where possible. Plaintiffs in 19 of the 21 actions then pending in eight judicial districts filed a joint response with the JPML advocating for transfer of all of the actions to this Court. Levine Decl., ¶ 9. Plaintiffs in all but four cases (*Hunter, Kim, Behren* and *Wong*), pending in this District have agreed to designate plaintiffs' counsel in

---

[1] The *Khazak* action was filed on April 10, 2015, after Defendants filed their motion to stay. An unopposed motion to relate *Khazak* to *Sterling* was filed on April 14, 2015. Accordingly, plaintiffs have included *Khazak* in this response.

*Sterling*, *Estrella* and *JGX, Inc*. to negotiate with Defendants on their behalf pending entry of a formal organizational order.[2]  *Id.*, ¶ 10.  While plaintiffs in *Hunter*, *Kim* and *Wong* have agreed with Defendants to stay their respective actions, plaintiffs' counsel in *Sterling*, *Estrella* and *JGX, Inc*. nevertheless intends to consult with counsel in those three actions and take their views into consideration in connection with any initial case management activities.  *Id*.  Plaintiffs in the Northern District of California actions are therefore able to speak with one voice at this time for the purposes of dealing with Defendants and moving the litigation forward without awaiting a formal transfer order.

## III. ARGUMENT

### A. Legal Standard

In determining whether a stay is warranted pending the JPML's determination of a transfer petition, courts consider: (1) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; (2) potential prejudice to the non-moving party; and (3) hardship and inequity to the moving party if the action is not stayed.  *See*, *e.g.*, *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  These factors counsel against the complete stay sought by Defendants.

### B. A Stay Will Not Promote Judicial Efficiency

Contrary to the positions taken by Defendants, allowing the parties to engage in routine, initial case management related activities while a motion to transfer and consolidate is pending before the JPML is the better approach.  Most recently, Judge Tigar considered a very similar request to delay the *Lumber Liquidators* proceedings while the JPML considers a motion to transfer and consolidate that litigation.  *See* Order Granting in Part and Denying in Part Motion to Extend Time; Setting Case Management Conference, *Balero v. Lumber Liquidators, Inc.*, Case No. 15-cv-01005-JST, Dkt. No. 32 (N.D. Cal. April 4, 2015).  In denying that stay motion, Judge Tigar found that "a complete stay of all pretrial proceedings would not promote judicial economy" because "[t]he Court's continued

---

[2]  Pending entry of a formal organizational order, counsel for plaintiffs in *Sterling, Estrella* and *JGX, Inc*. are also authorized to confer with Defendants, if necessary, on behalf of a majority of the ten actions pending in the other eight judicial districts.  *Id.*, ¶ 11.

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTION TO STAY;**
**CASE NO. 5:15-CV-00807-RMW**

3

management of the[] related cases during the pendency of the JPML's consideration of the transfer motion would benefit a potential transferee court in the event that the consolidation and transfer motion is granted." *Id.*

Judge Tigar's reasoning is consistent with that of other California district courts. For example, in *Rivers*, 980 F. Supp. at 1360, the court noted that "a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." This is consistent with the JPML's Rules of Procedure. JPML Rule 2.1(d) specifically provides that the pendency of a transfer motion before the JPML "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."

Even with the transfer motion pending before the JPML, much can be accomplished if the litigation is allowed to proceed. The parties here can and should discuss the following (all of which will benefit the ultimate transferee court): (1) jurisdiction and service; (2) anticipated legal issues and motions; (3) initial disclosures and identification of topics on which discovery might be needed; (4) the Northern District's Guideline's for the Discovery of ESI; (5) any suggested changes to discovery permitted by the Federal Rules; and (6) case scheduling.

These types of initial discussions advance the litigation and will need to occur, independent of the JPML's decision on consolidation and transfer.

### C. Complying with This Court's Case Management Order Will Cause No Prejudice to Defendants

Defendants claim they will face a risk of duplicative case management discussions in separate actions prior to the appointment of lead counsel by the MDL transferee court. Here, Defendants need only comply with the Civil Local Rules and Rules 16 and 26(f) of the Federal Rules of Civil Procedure as they would in any other matter. There is little risk of inconsistent positions taken by plaintiffs because plaintiffs' counsel in three of the actions (*Sterling, Estrella and JGX, Inc.*) are authorized to speak for and on behalf of most of the plaintiffs in the pending actions. Notably, plaintiffs' counsel speak for all but four of the actions pending in this District. And in three of those other actions, plaintiffs voluntarily have agreed to stay their cases. Plaintiffs' counsel in *Sterling,*

*Estrella and JGX, Inc*. intend to take the views of these plaintiffs into account in their discussions with Defendants, notwithstanding their agreement to stay their cases.

Defendants quote *Rifenbery v. Organon USA, Inc.*, No. 13-cv-05463-JST, 2014 WL 296955 (N.D. Cal. Jan. 26, 2014), for the proposition that a stay should be granted because they "face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed." But here, Defendants cannot demonstrate prejudice because there is no risk here of unnecessary proceedings or inconsistent rulings on recurring questions of fact and law prior to any ruling by the JPML on the transfer motion. Other than Defendants' stay motion, there are no proceedings scheduled in any of the actions pending in this District prior to the June 19 initial case management conference, and therefore, there will be no rulings on any questions of fact and law, recurring or otherwise, prior to a ruling by the JPML.

The authorities relied on by Defendants in support of their stay motion are distinguishable. *Rifenbery; Tucker v. Organon USA, Inc.*, No. 13-cv-00728-SBA, 2013 WL 2255884 (N.D. Cal. May 22, 2013); *Couture v. Hoffman-La Roche, Inc.*, No. 12-cv-02657-PJH, 2012 WL 3042994 (N.D. Cal. July 225, 2012); *J.W. Pfizer, Inc.*, No. 13-cv-00318-YGR, 2013 WL 1402962 (N.D. Cal. Apr. 5, 2013); and *Little v. Pfizer, Inc.*, No. 14-cv-01177-EMC, 2014 WL 1569425 (N.D. Cal. Apr. 18, 2014), are all factually similar. Each case involves a single non-class case originally filed in state court that the defendant removed to federal court and sought to transfer to an MDL proceeding already pending in another district before an existing transferee judge. At the time the stay was granted in each case, there also was a motion to remand pending. In each case, then, the court granting the stay would either lose jurisdiction by way of MDL transfer or be required to make a substantive ruling on remand if a stay was not granted. None of those facts are present here and, as noted above, there is nothing pending in any of the related actions before this Court that would require a ruling if the stay is denied. Moreover, all of the parties to the related cases before this Court – including Defendants - support transfer of the MDL to this Court.

For these reasons, Defendants suffer no prejudice by complying with this Court's case management order at this time.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that Defendants' motion for stay be denied.

Dated:  April 17, 2015     **PRITZKER LEVINE LLP**
Jonathan K. Levine (SBN 220289)
Elizabeth C. Pritzker (SBN 146267)

_____/s/ Jonathan K. Levine_____

180 Grand Avenue, Suite 1390
Oakland, California 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
jkl@pritkzkerlevine.com
ecp@pritzkerlevine.com

Attorneys for Plaintiff in *Sterling v. Lenovo (United States) Inc., et al.*

**GIRARD GIBBS LLP**
Daniel C. Girard (SBN 114826)
Adam E. Polk (SBN 273000)

_____/s/ Daniel C. Girard_____
601 California Street, Suite 1400
San Francisco, CA 94104
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846
dcg@girardgibbs.com
aep@girardgibbs.com

Attorneys for Plaintiffs in *Estrella, et al. v. Lenovo (United States) Inc., et al.*

**COTCHETT, PITRE & McCARTHY, LLP**
Steven N. Williams (SBN 175489)
Matthew K. Edling (SBN 250940)

_____/s/ Matthew K. Edling_____

San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000

Facsimile: (650) 697-0577
medling@cpmlegal.com

Attorneys for Plaintiff in *JGX, Inc. v. Lenovo Group Limited, et al.*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Linda Fong (SBN 124232)

      */s/ Laurence D. King*
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  (415) 772-4700
Facsimile:   (415) 772-4707
lking@kaplanfox.com
lfong@kaplanfox.com

Attorneys for Plaintiffs in *Hall, et al. v. Lenovo (United States) Inc., et al.*

**COHELAN KHOURY & SINGER**
Timothy D. Cohelan (SBN 060827)
J. Jason Hill (SBN 179630)

       */s/ Timothy D. Cohelan*

605 C Street, Suite 200
San Diego, California 92101
Telephone: (619) 595-3001
Facsimile: (619) 595-3000
tcohelan@ckslaw.com
jhill@ckslaw.com

Attorneys for Plaintiffs in *Martini v. Lenovo (United States) Inc., et al.*

**GREEN & NOBLIN, P.C.**
Robert S. Green (SBN 136183)

       */s/ Robert S. Green*

700 Larkspur Landing Circle, Suite 275
Larkspur, CA 94939
Telephone:  (415) 477-6700
Facsimile:  (415) 477-6710
gnecf@classcounsel.com

**FEDERMAN & SHERWOOD**

William Federman
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone:  (405) 235-1560
Facsimile:  (405(239-2112
wbf@federmanlaw.com

Attorneys for Plaintiffs in *Johnson v. Lenovo (United States) Inc., et al.*

**SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP**
Todd M. Schneider (SBN 158253)
Mark T. Johnson (SBN 076904)

          */s/ Todd M. Schneider*

180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
mjohnson@schneiderwallace.com

**BERGER & MONTAGUE, P.C.**
Shanon J. Carson
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-4656
Facsimile:  (215) 875-4604
scarson@bm.net

Attorneys for Plaintiff in *Simonoff v. Lenovo (United States) Inc., et al.*

**WEITZ & LUXENBERG, P.C.**
Christopher B. Dalbey (SBN 285562)
Robin L. Greenwald
James J. Bilsborrow

          */s/ Christopher B. Dalbey*

700 Broadway
New York, NY 10003
Telephone: (212) 558-5500
Facsimile: (212) 344-5461

1880 Century Park East, Suite 700

Los Angeles, CA 90067
Telephone:  (310) 247-0921
Facsimile:  (310) 786-9927
cdalbey@weitzlux.com
rgreenwald@weitzlux.com
jbilsborrow@weitzlux.com

Attorneys for Plaintiffs in *Wood, et al. v. Lenovo (United States) Inc., et al.*

**STUEVE SIEGEL HANSON LLP**
Jason S. Hartley (SBN 192514)

_____/s/ Jason S. Hartley_____

550 West C Street, Suite 1750
San Diego, CA 92101
Telephone:  (619) 400-5822
Facsimile:  (619) 400-5832
hartley@stuevesiegel.com

**STUEVE SIEGEL HANSON LLP**
Norman E. Siegel
Barrett J. Vahle
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile:  (816) 714-7101
siegel@stuevesiegel.com
vahle@stuevesiegel.com

Attorneys for Plaintiffs in *Ravencamp v. Lenovo (United States) Inc., et al.*

**SAVERI & SAVERI, INC.**
Cadio Zirpoli (SBN 179108)
Carl N. Hammarskjold (SBN 280961)

_____/s/ Cadio Zirpoli_____

706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813
cadio@saveri.com
carl@saveri.com

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTION TO STAY;
CASE NO. 5:15-CV-00807-RMW**

9

Attorneys for Plaintiffs in *Schultz v. Lenovo Group Limited, et al.*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen (SBN 219683)

___/s/ Laurence M. Rosen___

355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone:  (213) 785-2610
Facsimile:  (213) 226-4684
lrosen@rosenlegal.com

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone:  (212) 686-1060
pkim@rosenlegal.com

Attorneys for Plaintiffs in *Cullifer et al. v. Superfish, Inc., et al.*

**CONSUMER LAW PRACTICE OF DANIEL T. LEBEL**
Daniel T. LeBel (SBN 246169)

___/s/ Daniel T. LeBel___

3 Embarcadero Center, Suite 1650
San Francisco, CA 94111
Telephone:  (415) 513-1414
Facsimile:  (415) 563-7848
danlebel@consumerlawpractice.com

Attorneys for Plaintiff in *Khazak  v. Superfish, Inc., et al.*

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTION TO STAY;
CASE NO. 5:15-CV-00807-RMW**

10

## ATTESTATION

I, Jonathan K. Levine, am the ECF user whose ID and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I hereby attest that all other signatories listed have concurred in this filing.

*/s/ Jonathan K. Levine*  
Jonathan K. Levine
